NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOHN DANKO, III, *Plaintiff/Appellant*,

*v.*

GEORGE ROBIN ALLEY, *Defendant/Appellee*.

No. 1 CA-CV 24-0331
1 CA-CV 24-0382
(Consolidated)

FILED 12-05-2024

Appeal from the Superior Court in Maricopa County
No. CV2023-092883
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

John Danko III, PE, Mesa
*Plaintiff/Appellant*

Dessaules Law Group, Phoenix
By Jonathan A. Dessaules, Douglas M. Imperi, Jr.
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David D. Weinzweig joined.

---

**F U R U Y A**, Judge:

¶1   John Danko III appeals the superior court's dismissal of his civil complaint against George Robin Alley. As explained below, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2   In 2023, Danko sued Alley, a South Carolina lawyer. Danko alleges Alley failed to perform contracted services, causing him damages.[1] Along with claims for breach of contract and negligence, Danko asserted a variety of other claims, including defamation, slander, libel, fraud, and negligent infliction of emotional distress.

¶3   Alley moved to dismiss under Arizona Rule of Civil Procedure ("Rule") 12(b)(2) for lack of personal jurisdiction. Alley argued he lacks contacts with Arizona sufficient to subject him to exercise of personal jurisdiction because he lives and works in South Carolina. He acknowledged that "[Danko] paid [him] $750.00 to serve an order of protection against his former spouse in South Carolina." But Alley asserted he never directed contacts specifically towards Arizona to warrant a finding that jurisdiction is proper in Arizona.

¶4   The court granted the motion to dismiss due to lack of personal jurisdiction, ruling that "there is no evidence to support a finding that [Alley] has 'systemic and continuous' contacts with Arizona."

---

[1]  This case is one in a series in which Danko retained and subsequently sued counsel. *See Danko v. Dessaules*, 1 CA-CV 23-0017, 2023 WL 5214129 (App. Aug. 15, 2023) (mem. decision); *Danko v. Strom*, 1 CA-CV 22-0583, 2023 WL 5977229 (App. Sept. 14, 2023) (mem. decision); *Danko v. Hawkins*, 1 CA-CV 22-0781, 2023 WL 7164310 (App. Oct. 31, 2023) (mem. decision); *Danko v. Whiting*, 1 CA-CV 24-0001, 2024 WL 3949057 (App. Aug. 27, 2024) (mem. decision); *Danko v. Ameika*, 1 CA-CV 24-0045, 2024 WL 4026000 (App. Sept. 3, 2024) (mem. decision).

**¶5** Danko appealed and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1).

## DISCUSSION

**¶6** Danko argues the superior court erred in dismissing his complaint due to lack of personal jurisdiction over Alley. In so doing, Danko largely repeats arguments made in prior cases, especially *Ameika*, 1 CA-CV 24-0045, which dealt with identical issues. Thus, we reiterate our prior analysis from *Ameika* because it is equally dispositive here. *Id.*

**¶7** We review the court's personal jurisdiction conclusions de novo, *Id.* at *2 ¶ 12 (citing *Beverage v. Pullman & Comley, LLC*, 232 Ariz. 414, 417 ¶ 10 (App. 2013)), "viewing the facts in the light most favorable to [Danko] but accepting as true the uncontradicted facts put forward by [Alley]," *Planning Grp. of Scottsdale, L.L.C. v. Lake Mathews Mineral Props., Ltd.*, 226 Ariz. 262, 264 ¶ 2 n.1 (2011).

**¶8** Arizona courts may exercise personal jurisdiction over litigants "to the maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a). To satisfy constitutional requirements, a defendant must have "sufficient contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Ameika*, 1 CA-CV 24-0045, at *3 ¶ 13 (quoting *Planning Grp. of Scottsdale*, 226 Ariz. at 266 ¶ 14 (cleaned up)).

**¶9** Personal jurisdiction may be general or specific. *Id.* at *3 ¶ 14. "General jurisdiction 'extends to any and all claims brought against a defendant.'" *Id.* (quoting *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021)). "Only a select set of affiliations with a forum," however, "will expose a defendant to such sweeping jurisdiction." *Ford Motor Co.*, 592 U.S. at 358. "An individual is subject to general jurisdiction in [his] place of domicile." *Ameika*, 1 CA-CV 24-0045, at *3 ¶ 14 (quoting *Ford Motor Co.* 592 Ariz. at 358–59). Nevertheless, a court's general jurisdiction over nonresidents is proper only where their "level of contact" with the forum state is "quite high." *Ameika*, 1 CA-CV 24-0045, at *3 ¶ 14 (citing *Williams v. Lakeview Co.*, 199 Ariz. 1, 3 ¶ 6 (2000)). And such contacts must be so "continuous and systematic as to render [the nonresident] essentially at home" in the forum state. *Ameika*, 1 CA-CV 24-0045, at *3 ¶ 14 (quoting *Wal-Mart Stores, Inc. v. LeMaire*, 242 Ariz. 357, 359 ¶ 4 (App. 2017) (cleaned up)).

**¶10** As in *Ameika*, Danko admits here that Alley is "an Arizona noncitizen," but insists that "it does not matter" that Alley "does not live" here. *Ameika*, 1 CA-CV 24-0045, at *3 ¶¶ 14–16. Danko again alleges Alley "does business in Maricopa County" and "has clients, business relationships, and provides services in Maricopa County." Nothing in this record supports Danko's assertions about Alley's purported business activities in Arizona sufficient to establish that Alley, though a nonresident, is essentially at home here. *See id.* Thus, the court correctly concluded that it does not have general jurisdiction over Alley.

**¶11** "Specific jurisdiction 'exists only for the particular claim asserted' and only when the defendant's 'activities in the forum state giving rise to the claim establish the necessary minimum contacts with the state to make the exercise of jurisdiction reasonable and just.'" *Ameika*, 1 CA-CV 24-0045, at *4 ¶ 17 (quoting *Hoag v. French*, 238 Ariz. 118, 122 ¶ 19 (App. 2015)). "An Arizona court 'may exercise specific personal jurisdiction' over a nonresident defendant 'when the aggregate of the defendant's contacts with this state demonstrate (1) purposeful conduct by the defendant targeting the forum, . . . (2) a nexus between those contacts and the claim asserted and (3) that exercise of jurisdiction would be reasonable.'" *Id.* (quoting *Beverage*, 232 Ariz. at 417 ¶ 9).

**¶12** As in *Ameika*, the record here does not show Alley solicited a professional relationship with Danko. *Ameika*, 1 CA-CV 24-0045, at *4 ¶ 20. On the contrary, Danko sought out Alley's legal assistance. Simply agreeing to enforce orders of protection on Danko's behalf in South Carolina does not establish that Alley engaged in purposeful conduct directed toward Arizona. *See id.* (citing *Hoag*, 238 Ariz. at 123 ¶ 24).

**¶13** Finally, like in *Ameika*, Danko argues Alley personally committed intentional torts against him, including "defamation, slander, and libel," which, he contends, subjects him to personal jurisdiction in Arizona. *Id.* at *5 ¶ 22. But Danko did not state any allegations about where, when, or to whom the statement was made. *Id.* at *5 ¶ 23. Danko's cursory and non-specific allegations of "defamation, slander, and libel" are insufficient to permit an Arizona court to assert personal jurisdiction over Alley. *Id.*

**CONCLUSION**

**¶14** We affirm.

**¶15** Alley requests attorneys' fees and costs under ARCAP 21, ARCAP 25, A.R.S. § 12-341.01, A.R.S. § 12-341, and A.R.S. § 12-349. For the

same reasons explained in *Ameika*, which we adopt as applicable here, we award Alley his reasonable attorneys' fees as a sanction against Danko because we conclude that this appeal was brought and maintained without substantial justification. *See* A.R.S. § 12-349(A)(1); *Ameika*, 1 CA-CV 24-0045, at *6–7 ¶¶ 25–30. In brief, by advancing this appeal, Danko continues to pursue his groundless claims with complete indifference to their lack of merit. *See id.* at *7 ¶ 30 (citing *Ariz. Republican Party v. Richer*, 257 Ariz. 210, 221 ¶ 38 (2024)). Moreover, though this appeal was initiated before we issued our decision in *Ameika*—where we carefully explained the imposition of sanctions for making the very same arguments Danko presses in this appeal—nevertheless, after *Ameika* was decided, Danko had opportunity to either withdraw or abandon this appeal. He did not. Instead, he affirmatively elected to pursue what was clearly explained to him to be a meritless appeal. This appeal is therefore unjustified under A.R.S. § 12-349(A)(1) and ARCAP 25, and we grant Alley's reasonable attorneys' fees as a sanction against Danko, upon Alley's compliance with ARCAP 21.

¶16        Further, as the prevailing party, Alley is also awarded his costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV